THE STATE SAVINGS ASSOCIATION OF ST. LOUIS, MISSOURI, V. W. H. BARBER.

PROMISSORY NOTE; *Indorsement, Denied Under Oath; Practice.* In an action brought to recover upon a promissory note payable to order, by a party claiming to be the indorsee, the answer admitted the execution of the note, but denied the written indorsement thereon, by affidavit duly verified; it admitted, however, that the note had been transferred to the plaintiff, and the defense was that the transfer was made after maturity, and that there had been a total failure of consideration for the note. *Held,* The plaintiff is entitled to judgment as being the holder and in possession of the note, unless the defense of the failure of consideration is established; but *held further,* the plaintiff is not protected as a *bona fide* holder of the note so as to cut off the equities of the maker, in the absence of proof of the execution of the written indorsement denied under oath.

*Error from Phillips District Court.*

ON November 2, 1883, *The State Savings Association of St. Louis, Mo.,* filed its petition against *W. H. Barber,* in words and figures as follows, (omitting court and title:)

"1. Now comes the plaintiff, and for cause of action states that the plaintiff, the State Savings Association of St. Louis, Mo., is a corporation existing under the laws of the state of Missouri, and doing business at St. Louis, Mo.

"2. Plaintiff states that on June 30th, 1883, W. H. Barber, the defendant, executed and delivered to J. E. Hayner & Co. his promissory note in writing in the sum of seventy dollars, bearing 7 per cent. interest until due, and 12 per cent. after maturity on the amount then due until paid. Said note was due October 1, 1883. Plaintiff alleges that after said note was executed and delivered to J. E. Hayner & Co., and before the same became due, J. E. Hayner & Co. sold the same to this plaintiff, and the same was duly indorsed by J. E. Hayner & Co. Copy of said note is hereto attached, marked 'A,' and made a part of this petition.

"Plaintiff further avers that at the time said note became due, this plaintiff presented the same for payment to defendant, and the defendant failed to pay the same, and said note was then duly protested according to law. Copy of said protest is hereto attached, marked 'B,' and made a part of this petition.

"Plaintiff states that the protest fees incurred amounted to 85 cents. Plaintiff states that no part of said note, interest or protest fees has been paid. Wherefore, plaintiff prays judgment for the sum of seventy-two and $\frac{85}{100}$ dollars, with interest thereon at the rate of 12 per cent. per annum from November 1, 1883, together with costs of suit."

### EXHIBIT A.

"$70.                       KIRWIN, KANSAS, June 30, 1883.

"On or before the first day of October, 1883, I, of the township of Valley, county of Phillips, state of Kansas, for value received, promise to pay to the order of J. E. Hayner & Co. seventy dollars, with interest at 7 per cent., and if not paid at maturity, with interest at 12 per cent. on the amount then due until paid.' Payable at Kirwin Bank.

W. H. BARBER.

"P. O. Kirwin, Kansas, Phillips county. Taken by J. A. Shattuck, agent. No. 30,626."

On the reverse side of above note appears as follows:

"For value received, I hereby guarantee the payment of the within note. Demand for payment, protest and notice of protest waived.

W. H. BARBER.

"For the purpose of obtaining the within credit, I hereby certify that I own 160 acres of land in my own name, in section 2, township 5, range 16, in the county of Phillips and state of Kansas, which is worth, at fair valuation, $1,600; all incumbrances do not exceed ——, and the title is perfect in me in all respects. I have stock and personal property to the amount of $600, and my debts and liabilities do not exceed ——. There is no judgment against me.        W. H. BARBER.

"J. E. Hayner & Co., (dated September 1, 1883:) Pay Kirwin Bank or order, for collection, account of State Savings Association of St. Louis, Mo.                    J. H. McCAULEY, Cashier.

(Exhibit B of protest omitted.)

On January 14, 1884, the defendant filed the following answer, (omitting court and title :)

"1. The defendant admits that he executed the note set forth in plaintiff's petition.

"2. Defendant denies each and every other allegation set forth in plaintiff's petition.

"3. For a further defense to said cause of action, the defendant alleges that the moving consideration which induced defendant to execute the note sued on by plaintiff, was one self-binding harvester, which was warranted to do good and complete work; that the defendant gave the said self-binding harvester fair trial, and on its failing to do the work it was warranted to do, the defendant returned the said harvester to J. E. Hayner & Co., and demanded of them his note he had executed for said harvester. Wherefore, defendant demands judgment for costs."

On January 14, 1884, the plaintiff filed a demurrer to the answer of defendant, alleging therein that the same did not constitute any defense to plaintiff's cause of action, as set forth in the petition. At the March Term of court for 1884, the demurrer was sustained, and defendant was allowed until May 30, 1884, to file his answer; and plaintiff was allowed until July 3, 1884, to plead thereto. Subsequently, the defendant filed the following amended answer:

"Now comes the said defendant, W. H. Barber, and for his amended and supplemental answer to the petition of plaintiff filed herein says:

"1. He admits the execution of the note set up in plaintiff's petition; and also that the plaintiff is a corporation; but denies each and every other allegation, statement and averment therein contained.

"2. For further answer this defendant says, that the note sued on by plaintiff in this action is not by its terms and conditions a negotiable instrument by the law-merchant.

"3. The plaintiff has no corporate right to become purchaser and owner of said note.

"4. Said plaintiff did not purchase said note in good faith and for a valuable consideration.

"5. The said note was transferred to plaintiff without consideration, and for the purpose of cheating, wronging and defrauding the defendant.

"6. The said note was transferred to plaintiff after maturity of the same.

"7. And for further answer this defendant says, that the consideration for said note was a Walter A. Wood binder and harvester combined, and that he purchased the same from James Shattuck, who was then and there acting as the duly-authorized agent of J. E. Hayner & Co., the parties to whom defendant executed said note, and whose property the said machine was at the time the same was purchased by the defendant; and that the said J. E. Hayner & Co., through their said agent, represented to this defendant that the said harvester and binder would do good work, and was suitable for the purpose for which it was sold, and then and there warranted the same to be perfect in its construction, and that the same was in all respects a first-class machine; and the defendant, relying upon the representation of said J. E. Hayner & Co., purchased said machine and executed therefor his several promissory notes, one of which the said note hereinbefore mentioned is one.

"And this defendant further says that said machine was not what it was warranted and represented to be, but that it was worthless and wholly unfit for the purposes for which it was to be used; that the same was not properly constructed; that the various parts of the machine were not properly adjusted, and the same would not work, and could not be worked, so it was a total loss to this defendant; that the defendant notified the said J. E. Hayner & Co. of the failure of said machine to do the work as warranted and represented, and that after a fair and honest trial of said machine this defendant returned the said machine to said J. E. Hayner & Co. and demanded of them his notes which he had executed to said J. E. Hayner & Co. for said machine. Wherefore, this defendant prays judgment against the said plaintiff for costs of suit."

"STATE OF KANSAS, PHILLIPS COUNTY, ss.—W. H. Barber, the above-named defendant, being duly sworn, says as follows: I have read the foregoing answer and know its contents, and that the same is true, as affiant verily believes.

W. H. BARBER.

"Sworn and subscribed to before me, this 14th day of May, 1884.                    GEO. B. CHAPIN,
          [Seal.]                    Notary Public."

To this answer the plaintiff filed a reply, containing a general denial. Trial September 25, 1884, before the court, with a jury. The jury returned a verdict for the defendant, and judgment was entered thereon against the plaintiff and in favor of the defendant for his costs, taxed at $38.77. The plaintiff excepted to the rulings and judgment of the court, and brings the case here.

*Webb McNall*, for plaintiff in error.

*May & McBride*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Action by the State Savings Association of St. Louis, Mo., against W. H. Barber, upon the following promissory note:

"$70.                    KIRWIN, KANSAS, June 30, 1883.

"On or before the first day of October, 1883, I, of the township of Valley, county of Phillips, state of Kansas, for

value received, promise to pay to the order J. E. Hayner &
Co., seventy dollars, with interest at 7 per cent., and if not
paid at maturity, with interest at 12 per cent. on the amount
then due until paid.    Payable at Kirwin Bank.

W. H. BARBER."

On the reverse side of above note appears as follows:

"For value received, I hereby guarantee the payment of the
within note.    Demand for payment, protest and notice of
protest waived.                      W. H. BARBER.

"For the purpose of obtaining the within credit, I hereby
certify that I own 160 acres of land in my own name, in sec-
tion 2, township 5, range 16, in the county of Phillips and
state of Kansas, which is worth, at fair valuation, $1,600; all
incumbrances do not exceed ——, and the title is perfect in
me in all respects.    I have stock and personal property to the
amount of $600, and my debts and liabilities do not exceed
——.    There is no judgment against me.

W. H. BARBER."

On the back of the note there was also the following writ-
ten indorsement:

"*J. E. Hayner & Co.,* (dated September 1, 1883:) Pay
Kirwin Bank or order, for collection, account of State Savings
Association of St. Louis, Mo.

J. H. MCCAULEY, *Cashier.*"

The defendant filed an amended answer, verified by his
affidavit, admitting the execution of the note; that the plain-
tiff is a corporation; but denied every other allegation, state-
ment and averment contained in the answer.    The defendant
also alleged in his answer as follows:

"4. Said plaintiff did not purchase said note in good faith
and for a valuable consideration.

"5. The said note was transferred to plaintiff without con-
sideration, and for the purpose of cheating, wronging and
defrauding the defendant.

"6. The said note was transferred to plaintiff after maturity
of the same."

The defendant also set forth as a defense to the note, that the
same was executed for a binding and harvesting machine sold
to the maker by J. E. Hayner & Co.; that the machine was
warranted to be a good machine and perfect in its construction,

but was worthless and wholly unfit for the use for which it was intended; that after a fair trial, it was returned to J. E. Hayner & Co., and therefore there was a failure of any consideration for the note.

The action was tried before the court, with a jury, and the plaintiff offered in evidence the original note, and then offered in evidence the indorsement on the back of the note for the purpose of proving that the note was duly indorsed by J. E. Hayner & Co. to the plaintiff. To the introduction of the indorsement, the defendant objected, which objection was sustained by the court. To this, exception was taken. Without further evidence, the plaintiff rested his case. The defendant introduced no evidence. At the instance of the defendant, the court instructed the jury upon the pleadings and evidence to return a verdict for the defendant. The plaintiff requested the court to instruct the jury to return a verdict in its behalf. This instruction was refused. Upon the instruction of the court, the jury found the issue in favor of the defendant, and judgment was entered thereon.

In the ruling of the court in refusing to permit the indorsement upon the back of the note to go to the jury, we perceive no error. The plaintiff alleged in his petition that after the note had been executed to J. E. Hayner & Co., and before the same became due, that J. E. Hayner & Co. sold the same to the plaintiff, and that the same was duly indorsed by J. E. Hayner & Co. The alleged indorsement is in words as follows: "J. E. Hayner & Co. Dated Sept. 1, 1883."

The allegation of the execution of the indorsement on the note was denied by the answer, and this denial was verified by the affidavit of the defendant. Before the indorsement upon the note was entitled to be received in evidence, preliminary evidence of its execution should have been presented. No offer was made to show that the signature of J. E. Hayner & Co. was genuine, and as the defendant had put the existence of the indorsement in issue by denying its execution, the trial court very properly refused to let the indorsement go to the jury, in the absence of the necessary preliminary evidence;

but the instruction to the jury by the trial court to return a verdict for the defendant upon the pleadings and evidence was error.   The answer admitted that the note had been transferred to the plaintiff.   A note payable to order may be sold and transferred without indorsment, but of course thus transferred it is not negotiable.   Upon the admissions in the answer, and the fact that the plaintiff was in the possession of the note, the plaintiff was entitled to judgment, in the absence of all evidence that the note was given without consideration.   To protect the plaintiff as a *bona fide* holder and thereby to cut off the defense of the want of consideration, it was incumbent upon the plaintiff to establish that it held the note by written indorsement, and if the plaintiff had offered evidence proving the execution of the indorsement, the burden of proof would have been upon the defendant to establish that the indorsement was made after maturity.   Even if there was no written indorsement, none was necessary to enable the plaintiff to sue in its own name.   A negotiable promissory note may be assigned orally, and the mere delivery for a valuable consideration will pass the title.   Possession of a note — where it does not appear upon the note who the owner thereof is — is *prima facie* evidence of ownership. ( *Williams v. Norton,* 3 Kas. 295; *Eggan v. Briggs,* 23 id. 710.)   After the plaintiff failed to prove the genuineness of the indorsement of the note, it was still entitled to judgment thereon, unless the defendant had made out his case of the failure of consideration.   The latter offered no evidence to support his defense; and therefore the trial court should not have given the instruction to the jury which appears in the record.

The judgment of the district court must be reversed, and the cause remanded for a new trial.

All the Justices concurring.