THE J. I. CASE THRESHING MACHINE COMPANY V. JOHN
PETERSON *et al.*

ACTION ON NOTE—*Verified General Denial—Burden of Proof.* The
plaintiff sought to recover upon a promissory note which was set out
at length in the petition, and appeared to bear a specified rate of in-
terest. The defendants' answer was a general denial, duly verified;
and they claimed at the trial that the note had been altered, and that
the provisions therein for interest had been added to the note, with-
out consent, since its execution. *Held,* Under the issues formed,
That the burden was upon the plaintiff to prove the execution of the
note as alleged in the petition, and that, under the verified general
denial, the defendants were properly permitted to offer proof of the
alteration.

*Error from Osage District Court.*

ACTION by the *Threshing Machine Company* against *Peter-
son* and another, to recover on a promissory note. At the
June term, 1889, there was rendered herein a judgment, on
account of which plaintiff comes to this court. The facts ap-
pear in the opinion.

*L. T. Wilson,* for plaintiff in error:

1. The court erred in permitting the defendants to prove
an alteration of the note, under the verified general denial
filed as their answer. See 1 Greenl. Ev., § 564, note 3; *Sav-
ings Association v. Barber,* 35 Kas. 493; Steph. Pl., p. 134.

2. The court erred in refusing to instruct the jury that the
burden of proof was on the defendants; inasmuch as the note
bore no evidence upon its face of having been altered, and
there were no suspicious circumstances arising upon the face
of the note as to its alteration, the burden was upon the
defendants to establish such alteration. See 1 Greenl. Ev.,
§ 564; 1 Best, Ev., § 229; *Neil v. Case,* 25 Kas. 516; *Meikel
v. Savings Institution,* 36 Ind. 335. See, also, *National Bank
v. Franklin,* 20 Kas. 268, 269; *Eckert v. Pickel,* 13 S. W.
Rep. 708; *Craig v. Fowler,* 13 id. 116; *Bayley v. Tabor,* 6
Mass. 451; 1 Best, Ev., § 229; *Insurance Co. v. Brimmin,* 12
N. E. Rep. (Ind.) 315; 37 Am. Rep. 260.

*P. E. Gregory*, and *Bradford & Huron*, for defendants in error:

The verified answer of the defendants puts in issue everything except that the plaintiff is a corporation. The burden is on the plaintiff to show that a note for $300, bearing 8 per cent. interest, was executed by the defendants.

The sworn answer of the defendants takes away that *prima facie* character of the paper sued on, destroys the presumption of innocence, and places the paper in the condition of a suspected paper. See *Walters v. Short*, 5 Gilm. 520.

If a note appears on its face or by the sworn answer of the defendants to have been changed or altered, the burden is on him who seeks to recover thereon to explain the alterations. *Wilde v. Armsby*, 6 Cush. 314, and cases therein cited. See, also, *Hayner v. Eberhardt*, 37 Kas. 308.

That the note was altered is true, and the jury so found when they found a general verdict for the defendants. See 2 Dan. Neg. Inst., §§ 1373, 1375, 1385. See, also, *Coburn v. Webb*, 56 Ind. 96; *Hart v. Clouser*, 30 id. 210; *Schenwind v. Hackett*, 54 id. 248; *Moon v. Hutchinson*, 69 Mo. 429.

The opinion of the court was delivered by

JOHNSTON, J.: On January 28, 1888, John and Peter Peterson jointly executed a promissory note to the J. I. Case Threshing Machine Company for $300. The note was payable January 1, 1889, and upon the face of the note upon which action is brought it appeared to bear interest at the rate of 8 per cent. per annum from date. The answer of the Petersons was a general denial, which was verified. Upon the issue thus formed, the defendants were permitted to introduce testimony tending to show that the note as executed contained no provision for the payment of interest, but had been subsequently altered by the insertion of the figure "8" in the interest blank. The plaintiff contends that the court erred in permitting proof of an alteration of the note under the verified general denial, and insists that such denial only placed in issue the genuineness of the defendants' signature

to the note, and that, to avail themselves of the defense of an alteration of the note, it should have been specifically pleaded, especially as the note bore no evidence of alteration or change upon its face. Under our code, the practice of verifying a general denial is permissible, and an answer so verified sufficiently puts in issue allegations of the due execution of written instruments, the indorsements thereon, the existence of a partnership, etc. (Civil Code, § 108; *Savings Ass'n v. Barber*, 35 Kas. 488; *Hayner v. Eberhardt*, 37 id. 308.)

It was averred in the plaintiff's petition that the defendants executed a promissory note for a stated amount, payable at a specified time, and bearing a given rate of interest. Under the answer, it devolved upon plaintiff to prove the execution of such a note as it had set out in its petition. This could not be done by proof of the execution of a note for $3,000 instead of for $300, nor of a note due at a time other than the one specified, nor by producing a note for a different rate of interest than was alleged. The verified denial being sufficient, it not only placed upon plaintiff the burden of proving the execution of the note as alleged, but it warranted the admission of evidence by the defendants that the note pleaded and produced in evidence, although signed by them, had been materially altered since its execution. The case of *Meikel v. Savings Institution*, 36 Ind. 355, which is cited by plaintiff in error, recognizes that such proof may be offered by the defendants under a verified general denial, but holds that a different rule prevails where there is a specific and affirmative allegation of alteration in the defendant's answer. It is said that the note bore no evidence of alteration upon its face, nor anything that would raise a suspicion that it had been changed since its execution. If that be true, the production of the note with the defendants' signatures attached would be *prima facie* evidence that the instrument in all its provisions was genuine; and, if the defendants relied upon the defense of material alteration, the burden would be shifted to them to establish the same. The indications of subsequent alterations may be so obvious and suspicious in some cases as to bring discredit

upon the instrument, and require the party offering the same to account for the apparent changes. But in the absence of suspicious circumstances, no presumption can be indulged against the genuineness of the instrument. (*National Bank v. Franklin*, 20 Kas. 264; *Neil v. Case*, 25 id. 510; *Wilde v. Armsby*, 6 Cush. 314; 2 Dan. Neg. Inst., § 1417.)

We think the proof of alteration offered by the defendants was properly received in evidence, and, also, that no material error was committed in charging the jury. The court instructed that "the burden of proof is upon the plaintiff to prove that the note was executed as alleged in its petition," and, as the answer was verified, the burden, as we have seen, was rightly placed. The special instruction requested by the plaintiff placed the burden of proof upon the defendants in the first instance, and also assumed the existence of facts not established. If it had contained the qualification hereinbefore indicated, it might properly have been given to the jury.

We find no substantial error in the record, and hence there must be an affirmance of the judgment.

All the Justices concurring.