THE ROBINSON FEMALE SEMINARY v. I. P. CAMPBELL
et al.

No. 10899.

1. PRACTICE, SUPREME COURT — *Cross-petition in Error*. The party named as defendant in error in a proceeding in error, and who is a party to the judgment sought to be reversed, may file a cross-petition in error and attach the same to the record filed by the plaintiff in error.

2. ———— *Parties*. When a defendant in error voluntarily appears and files such cross-petition he thereby becomes a party to the proceeding.

3. PROMISSORY NOTE — *Allegation of Ownership*. An allegation that the plaintiff is duly incorporated and is the successor of a corporation somewhat differently designated which was named as payee in a promissory note upon which the action is brought, and, further, that the plaintiff is the owner and holder of the note, is sufficient to show that the plaintiff is the real party in interest and entitled to maintain the action.

4. NOTE AND MORTGAGE — *Assignment*. The assignment of a note ordinarily operates as an assignment of a mortgage made to secure the note, and where it so operates an irregular assignment of the mortgage is immaterial.

5. ———— *Petition in Foreclosure*. The averments of the petition examined, and held to be sufficient as against an objection to the introduction of any testimony because of the insufficiency of the facts pleaded.

Error from Harper district court; G. W. McKAY, judge. Opinion filed December 10, 1898. Reversed.

*E. C. Wilcox*, for plaintiff in error and defendant in error Davidson Investment Company.

*H. Lleweling Jones*, and *Sankey & Campbell*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: On August 2, 1886, I. P. Campbell and his wife executed a principal note for $5000, pay-

able to the Davidson Loan Company five years after date, with interest at the rate of six per cent. per annum, secured by first mortgage on real estate. At the same time they executed to the same company what is termed a commission note for $500, due thirty months thereafter, and secured by a second mortgage on the same real estate. There was default in the payments and the Davidson Investment Company brought an action upon the $500 note and to foreclose the second mortgage given to secure its payment. In its petition the plaintiff set out the note and mortgage with proper allegations, and as to the ownership of the same alleged " that the said Davidson Loan Company was a corporation duly organized and existing under and by virtue of the laws of the state of Kansas, and that this plaintiff is the successor in business of the said Davidson Loan Company, and as such is the legal owner and holder of the said note and mortgage.''

On application the Robinson Female Seminary was made a party, and in its answer and cross-petition alleged that it was the owner of the $5000 note, which was indorsed and transferred to it by the Davidson Loan Company before the maturity thereof or any of the interest thereon, in the due course of business and for a valuable consideration. After averring the incorporation and authority of the Davidson Loan Company, the following averment was made : "That said Davidson Investment Company is a reorganization of and a successor to the said Davidson Loan Company, and as such it succeeded to and became the owner of the entire assets of the said Davidson Loan Company, and as such had at all times mentioned herein full power and authority to act for and transact any business of the said Davidson Loan Company.'' It was

also alleged that after the organization of the Davidson Investment Company and by virtue of the authority aforesaid it assigned the mortgage in writing to the Robinson Female Seminary as follows: "For value received, I hereby assign the within mortgage and the debt secured thereby to the Robinson Female Seminary, of Exeter, N. H. Jan. 29, 1887.—DAVIDSON INVESTMENT COMPANY, by W. L. Babcock, Vice-President."

It also averred that it was the owner and holder of the mortgage and that the conditions therein had been broken and had become absolute. Other parties were named as defendants, who, it was alleged, claimed an interest in the mortgaged premises, but which interest, if any, was inferior to the mortgage liens.

A joint answer was filed by I. P. Campbell and wife which contained a general denial, a specific denial that they were indebted to plaintiff, or that plaintiff was the owner of the $500 note sued upon, and also alleging usury and want of consideration. They demurred to the cross-petition of the Robinson Female Seminary for the reason that it did not state facts sufficient to constitute a cause of action, but this demurrer was overruled. Then they answered, setting forth a general denial, and alleging that the cross-petitioner was not the owner and holder of the note and mortgage, and that the same had not been legally transferred and assigned. It was also alleged that the indebtedness had been fully paid. When the cause came on for trial objection was made to the introduction of evidence for the reason that the petition of the Davidson Investment Company and the answer and cross-petition of the Robinson Female Seminary did not state facts sufficient to constitute a cause of action in favor of the respective parties. The objections were sustained, and the jury was discharged.

An attack is made on the record brought to this court because the Robinson Female Seminary and the Davidson Investment Company have each filed a petition in error, and that both of them are attached to a single case-made. This is permissible and a proper practice. . Each was a party to the record and judgment and had an appealable interest, and each was entitled to file a petition assigning errors and to have them reviewed in a single proceeding. The objection that the Davidson Investment Company is not a party to this proceeding because no summons in error was served upon it is without merit. When it filed its cross-petition in error it voluntarily became a party to the proceeding, and no process was necessary to bring it, or the plaintiff in error, into court. Other objections are made to the record upon which a dismissal of the proceeding is asked, but from the showing made it is clear that the absent parties are not necessary to a review here, and that no grounds warranting a dismissal exist.

The rulings of the court sustaining objections to the admission of testimony because of insufficient facts in the petition and cross-petition are erroneous. The court had already overruled a demurrer to the pleadings challenging the sufficiency of the facts alleged, and a pleading is construed much more liberally upon an objection to the introduction of evidence than upon a demurrer. The objection to the petition of the Davidson Investment Company appears to have been sustained because the note was payable to the order of the Davidson Loan Company, and that without indorsement it could not be sued upon by the Davidson Investment Company. Aside from the averment in the petition, that one company is the successor of the other, there is a specific averment that the company

bringing the action is the owner and holder of the note and mortgage. It is immaterial whether the change of name was because of a reorganization or for other reasons, since a change of name is authorized by statute. The identity of the company so differently designated is of little consequence, where it is alleged that the plaintiff is a duly organized corporation and is the successor of the company named as payee. A negotiable note may be transferred by delivery without indorsement, and an averment of the company that it owns and holds the note and mortgage is itself sufficient to show that it is the real party in interest and entitled to maintain the action. Upon issue formed with the defendants it was entitled to prove ownership and right of recovery. The quantity and quality of proof required is not now a question for consideration, but the action of the court in shutting out all testimony and all opportunity to show its relation to and ownership of the paper was clearly erroneous.

The objection to the cross-petition of the Robinson Female Seminary appears to have been sustained because the note held by it was indorsed to it by the Davidson Loan Company, while the indorsement on the mortgage was by the Davidson Investment Company. It appears that the transfer of the note was made before the indorsement of the mortgage, and possibly the reorganization and change of name occurred in the interim. The fact that the assignment was written on the mortgage at a time later than the indorsement of the note, and by the successor of the payee of the note, is unimportant. The assignment of the note operated as an assignment of the mortgage made to secure the note, and the assignment of the mortgage was therefore unnecessary under the statute

as it then existed. However, any question as to the identity of the corporations has been rendered immaterial by the averments that the second is a reorganization of the first, and has succeeded it and become the owner of all the assets of the first, including the note and mortgage in question. There was nothing substantial in the objection, and the judgment must, therefore, be reversed and the cause remanded for a new trial.