No. 28,994.

ED. HEYEN and J. D. WILLIAMS, *Appellees*, v. E. E. GARTON et al.,
*Appellants*.

(283 Pac. 636.)

Opinion filed January 11, 1930.

*W. C. Gould* and *Walter L. Bullock,* both of Dodge City, for the appellants.
*Carl Van Riper,* of Dodge City, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.:   The appeal in this case is by the defendants from a judgment rendered against them on a note they plead as a set-off against a note of theirs held by the plaintiffs, assigning as error, (1) the admission of evidence tending to alter and vary the terms of written instruments, (2) the undisputed evidence conclusively shows the defendants were entitled to judgment on their set-off note, and (3) plaintiff Williams has no interest in the note constituting the plaintiff's cause of action.

The plaintiffs brought an action on a note for $1,175 given by the defendants to plaintiff Heyen alleging an interest in it had been sold to plaintiff Williams. The answer by way of cross petition alleges a set-off of a note for $1,102 given by plaintiff Heyen to one R. J. Goddard, secured by chattel mortgage on one-half interest in 250 acres of growing wheat in Ford county, Kansas, which the defendants had paid as subsequent owners of the wheat to clear the wheat from the lien thereof. The reply denied any obligation to the defendants on said $1,102 note and alleged that defendants had assumed and agreed to pay the same in the purchase from the plaintiff Heyen of his contract of purchase of 320 acres of land in Ford county from R. J. Goddard, setting up as exhibits the contract of purchase between plaintiff Heyen and Goddard and the contract of assignment of the original contract by plaintiff Heyen to defendants. The original contract of purchase made on July 10, 1926, was for the consideration of $19,200, of which $1,000 was paid in cash, purchaser to assume the payment of the two mortgages on the land for $7,500 and $5,900, and pay owner $4,800 on the crop payment plan, and among other things it provided that—

"Second party shall pay the interest from this date, and shall pay the taxes on said lands for the year 1926 and thereafter."

The assignment contract was executed May 14, 1927. By it plaintiff Heyen assigned to defendants all his interest and title to the land together with all crops thereon for $2,600, of which $1,475 was to be secured on land in Hodgeman county, and $1,175 to be secured by chattel mortgage "on an undivided one-half interest in and to 250 acres growing wheat now on the N½ of section 13, township 27, range 25, Ford county, Kansas, which is the description of the land contracted to be sold herein; that the chattel mortgage will be second and subject to one mortgage now on said wheat, which mortgage is held by R. J. Goddard, of Ingalls, Kansas." It further provides "that the second party agrees to and does assume one contract now existing between the party of the first part herein and R. J. Goddard, with all its provisions and requirements dating from July 10, 1926."

The evidence showed that the plaintiff Heyen soon after making the purchase sowed to wheat 250 acres of the land purchased and when he was unable to pay the interest on the two mortgages and the taxes on the land he gave his note dated April 1, 1927, to Goddard for $1,102, due July 1, 1927, to cover such interest and taxes

and two other small items that will be mentioned later, and secured this note with a chattel mortgage on his half interest in the 250 acres of the then growing wheat. The plaintiff Heyen further testified that prior to making the contract with defendants on May 14, 1927, he told them of this $1,102 note given to Goddard for interest and taxes and that it was secured by chattel mortgage on the growing wheat, and that he wanted $2,600 just to walk out. This testimony about the $1,102 note and the chattel mortgage securing the same is the line of evidence of which the appellant complains as tending to alter and vary the terms of the written instruments and that it particularly added to the obligations assumed by the defendants under the terms of their written contract.

We cannot agree with appellants that this testimony either altered, varied or added to the terms of either of the written contracts. The contract of assignment mentioned a first mortgage on the growing wheat given R. J. Goddard, to which the new one given by defendants would be subject. The amount, the date and the purpose for which such first mortgage was given are not mentioned in the contract. The supplying of such information by oral testimony does not alter, vary or contradict the incomplete statement in the contract with reference to such mortgage. It simply supplies and makes plain the indefinite and incomplete reference to the chattel mortgage in the contract. The evidence also identifies the connection of this note with the written terms of both contracts in showing it was given for the interest and taxes mentioned specifically in the first contract and inclusively in the second. The plaintiff Heyen had obligated himself in the first contract to pay these as they became due, and the defendants assumed all the provisions and requirements of the first contract from July 10, 1926, which included these items of interest and taxes. Such testimony served only to enumerate them as included in the general and indefinite terms used in the contracts. The admission of evidence that simply explains or supplements incomplete or indefinite statements contained in written instruments is not in violation of the rule against the admission of parol evidence to alter, vary or contradict the terms of such instruments.

"A written contract for the performance of certain services and conditions which contained no provision as to the duration of the contract relation or the time within which the services and conditions were to be performed is manifestly incomplete, and parol evidence to supplement and explain the

written provisions is admissible." (*Kaul v. Telephone Co.*, 95 Kan. 1, syl., ¶ 1, 147 Pac. 1130.)

"The rule against the admission of parol evidence to contradict, alter or vary the terms of written instruments is not violated when such evidence does not contradict, but explains or supplements, indefinite or incomplete matters contained in the instruments, or when it tends to show the relation of the parties and the circumstances under which the instruments were executed." (*Handrub v. Griffin*, 127 Kan. 732, syl. ¶ 2, 275 Pac. 196.)

None of the evidence admitted appears to us to have been in violation of these rules, but even if some part of it might have been incompetent, this being a trial before the court without a jury, the admission of such would not be necessarily erroneous because it will be presumed that the court in reaching its conclusion considered only such evidence as was competent and legally admissible, unless the contrary is shown by the record.

"In a trial by the court, without a jury, it is to be presumed that no improper evidence was permitted to materially affect the result." (*Gorrill v. Greenlees*, 104 Kan. 693, syl., 180 Pac. 798.)

Appellants insist that the undisputed testimony compels a different conclusion than that reached by the trial court and refers to the price of the land per acre at $65 as necessarily excluding this note for interest and taxes, and that the giving of a note and mortgage to Goddard for the interest and taxes constituted a payment of the same, just as much, as far as the contracts were concerned, as if Heyen had borrowed the money at the bank and secured the loan with a mortgage on the wheat. In the first place the $65, price per acre, is not undisputed. Heyen does not agree that such was the price although he says something might have been said along that line. He says his price was $2,600 and purchasers assume everything. We do not think the giving of a note secured by mortgage to the original owner for the unpaid interest and taxes is equivalent to a payment of them by Heyen. These items of interest and taxes, obligations of Heyen, were never paid by him. It is quite different from his borrowing that amount from a bank and actually paying these obligations. He owed Goddard the duty under the contract to pay the interest and taxes. By the note he simply acknowledged his indebtedness to him for such and gave a renewed promise to pay the same to the landowner. The giving of the mortgage to secure the same together with a showing that it was for interest and taxes, and the recognition thereof by the defendants in their written contract, taking the wheat subject to such

mortgage, did not furnish the trial court with such undisputed evidence as would justify a finding that the defendants had not assumed the obligation thus secured.

The other items included in the set-off note were for oats, $135, and fire insurance premium, about $60, making a total of about $195, whereas the court in deducting them from the judgment for plaintiffs on the $1,175 note allowed approximately $20 for unused premium and deducted $175, giving judgment for $1,000.

The third assignment of error is concerning the right of plaintiff Williams to recover with plaintiff Heyen on the note given to Heyen. The entire record is silent on the subject except the allegations of the petition and the specific denial of the answer, but the possession of the note is always considered *prima facie* evidence of ownership. (*O'Keefe v. National Bank*, 49 Kan. 347, 30 Pac. 473.)

A general finding by the trial court in favor of plaintiffs includes a finding on all the matters in issue.

"From a general finding of the trial court it must be presumed that all controverted matters are established in favor of the party for whom the court finds." (*Goode v. Cummings*, 115 Kan. 516, 518, 223 Pac. 317. See, also, *Hoover v. Hoover's Estate*, 104 Kan. 635, 180 Pac. 275; *Nealey v. Wyandotte Elevator Co.*, 123 Kan. 189, 254 Pac. 377.)

We find no error in the proceedings.

The judgment is affirmed.

JOCHEMS, J., not participating.