No. 43,366

MID-STATE HOMES, INC., a Corporation, *Appellant,* v. CHARLES W. HOCKENBARGER and MARY ANN HOCKENBARGER, his wife, and the JIM WALTER CORPORATION, *Appellees.*

(389 P. 2d 760)

Opinion filed March 7, 1964.

*Dean Burkhead,* of Topeka, argued the cause, and *Ralph E. Gilchrist, Carl L. Buck, Warner Moore* and *Bernard Borst,* all of Wichita, and *Robert E. Tilton* and *Robert D. Nelson,* both of Topeka, were with him on the brief for the appellant.

*P. A. Townsend,* of Topeka, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action filed by Mid-State Homes, Inc., a Florida corporation, against Charles W. Hockenbarger and Mary Ann Hockenbarger, his wife, to foreclose a real estate mortgage given by the Hockenbargers to secure a promissory note.

The trial court sustained a demurrer to the plaintiff's evidence and appeal has been duly perfected from such ruling.

The basic question is whether the evidence *admitted* at the trial of the action is sufficient to overcome the demurrer.

The petition alleged among other things that the Hockenbargers (mortgagors) executed and delivered to the Jim Walter Corporation, a Florida corporation (mortgagee), a first mortgage note in the principal sum of $4,896 bearing interest at the rate of 6% per annum; that as a part of the same transaction and in order to secure the payment of the indebtedness evidenced by said note, the mortgagors executed and delivered to the mortgagee a real estate mortgage in writing on property which is specifically described; that for a valuable consideration and before maturity, the note and mortgage were assigned in writing to Mid-State Homes, Inc. (plaintiff-appellant); that there has been a default and failure to comply with the terms of the note and mortgage in that the installment of interest and principal due on the first payment was past due and unpaid; that the appellant as holder of the note has declared the entire principal sum due and payable; and that

by reason thereof the appellant is entitled to have its mortgage foreclosed upon the described real property. The prayer reads in part:

"WHEREFORE, plaintiff prays for a personal judgment against the defendants Charles W. Hockenbarger and Mary Ann Hockenbarger, his wife, for Three Hundred Forty Dollars ($340.00) plus interest at the rate of six percent (6%) per annum; for Four Thousand Five Hundred Fifty Six Dollars ($4,556.00) plus interest at the rate of six percent (6%) per annum from date of filing this action; together with its costs in this action and further prays that said judgment and plaintiff's mortgage be adjudged and decreed to be a first and prior lien on the real property above described; . . ."

Before the trial and upon timely motion of the Hockenbargers, the Jim Walter Corporation was made a party defendant and service was obtained upon it, but the Jim Walter Corporation never appeared and at the time of trial was in default.

The Hockenbargers in their verified answer to the petition and at the time of trial specifically denied the execution of the mortgage and denied any indebtedness to Mid-State Homes, Inc.

At the trial a witness employed as a salesman for the Jim Walter Corporation at all times material herein testified that he sold a basic model home (shell house) out of the Jim Walter folder to the Hockenbargers. He testified after he received approval from the Jim Walter Corporation he secured the necessary documents to arrange for the financing, such as a note and mortgage. He identified the note executed by the Hockenbargers and testified that their signatures to the note were affixed in his presence. He said:

"A. This is a standard note, secured by a mortgage on the real estate which I personally drew and the customer signed."

Under the circumstances presented by the record it must be noted the appellant had possession of the note and offered it in evidence. There being no objection the note was admitted in evidence.

The witness further testified:

"Q. Mr. LaFollette, I am going to hand you what has been marked plaintiff's exhibit two, would you look at that and tell the Court what that is please?

"A. This is the mortgage deed that is secured by the note which is exhibit one.

"Q. And was that signed in your presence?

"A. Right."

Counsel for the Hockenbargers asked a few preliminary questions, among which was:

"Q. Mr. LaFollette where was this alleged mortgage signed?

"A. At the Hockenbarger residence in Topeka, Kansas [Shawnee County]."

Upon further questioning the witness testified that Dora Lane Hudson acknowledged the instrument as a notary public, but she was not present when it was signed. (The mortgage shows the notary's seal is for Sedgwick County, Kansas.)

An objection to the introduction of the mortgage in evidence was sustained by the trial court.

A witness, employed by Mid-State Homes, Inc. in the capacity of a field representative, testified:

"Q. I hand you what has been marked plaintiff's exhibit number three, will you tell the Court what that is please?

"A. This is an assignment of mortgage executed in Hillsboro County, Florida, of a mortgage from Charles W. Hockenbarger and Mary Ann Hockenbarger to the Jim Walter Corporation.

"Q. To whom was it assigned?

"A. To Mid-State Homes Corporation."

The assignment was offered in evidence and counsel for the Hockenbargers objected as follows:

"MR. TOWNSEND: To which we object for the reason I don't think it is proper to offer and introduce into evidence the assignment of a mortgage that has been rejected and furthermore the examination of this purported assignment shows it is assigned to Mid-State Homes, Incorporated. The statute in our state, 67-319, dealing with the assignment of mortgages, specifically prescribes that an assignment of a mortgage in this state must bear the name and address of the assignee. The address of the so-called assignee does not appear."

The trial court sustained the objection to the introduction of this assignment into evidence.

The witness further testified that the ledger card which is kept in the file at Mid-State Homes, Inc. did not show any payment from the Hockenbargers, and the ledger card was admitted into evidence.

Thereupon the plaintiff rested its case and the defendants demurred to the evidence on the ground that it failed to prove a cause of action against the defendants.

The trial court in announcing its ruling, after reviewing the evidence, said:

". . . Now, the acknowledgment—it starts out by saying 'State of Kansas, County of Shawnee' and contains the usual verbage as to the persons having personally appeared before the Notary and executed the instrument as their free act and deed, but, in spite of the fact it says, 'State of Kansas, County of Shawnee', the seal of the Notary shows 'Sedgwick County'. Now a notary can only execute instruments within the county in which they are commissioned.

That is one element to take into consideration but over and above that we have here a situation where the notary didn't see the people sign, they didn't appear before her. So for those reasons the execution of the instrument is of no legal effect.

"Then, the next instrument is plaintiff's Exhibit three which purports to be the assignment of the mortgage. That instrument is not valid on its face because it does not comply with the statute regarding the showing of the residence of the assignee. And, beyond that, if the mortgage is of no legal effect there was nothing assigned by the paper that is called an assignment. So that takes care of the mortgage and the assignment.

"We now come to the question that has been raised as to one of the elements of the defendant's demurrer as to the promissory note. I cannot agree with counsel for the plaintiff in the position he has stated. The only thing I can see in our situation here is that here is a promissory note. It was marked plaintiff's exhibit number one. It was admitted in evidence but we must be mindful of the fact that the note was given to Jim Walter Corporation. This Court does not think that the plaintiff in this case is a proper person or company to expect any recovery under this instrument. The Jim Walter Corporation is the only company that can expect to recover on that note and even though they were made party defendant in this case they are in default."

The appellees filed a motion for a new trial. While it was pending for hearing they perfected an appeal from the order of the trial court sustaining the demurrer to the evidence, after which the motion for a new trial was abandoned.

The appellant specifies as error: (1) The refusal of the trial court to admit the mortgage into evidence; (2) the refusal of the trial court to admit the assignment of the mortgage into evidence; and (3) the sustaining of the demurrer to the plaintiff's evidence.

The appellees challenge the right of the appellant to be heard in this court on the first two specifications of error because no motion for a new trial was presented to the trial court raising these questions.

The appellant's notice of appeal is limited to the order of the trial court sustaining the demurrer to the plaintiff's evidence. This court has held many times that matters specified as error, in order to be reviewable, must be within the purview of those matters contained in the notice of appeal, and when an appellant seeks to have this court review alleged trial errors, he must appeal from the order overruling his motion for a new trial, and, in addition, must specify such ruling as error. (*American State Bank v. Holding*, 189 Kan. 641, 371 P. 2d 167; and cases cited therein.)

Questions relating to the erroneous admission or exclusion of evidence must be raised by a motion for a new trial, and the ruling

on that motion specified as error, in order to be subject to appellate review. (*Morgan v. Morgan,* 146 Kan. 880, 73 P. 2d 1105; *Billups v. American Surety Co.,* 173 Kan. 646, 251 P. 2d 237; and *Emporia Plumbing & Heating Co. v. Noland,* 177 Kan. 35, 276 P. 2d 296. See, also, G. S. 1949, 60-3001 and 60-3004.)

In ruling on a demurrer courts do not weigh or compare contradictory evidence, but accept all the evidence as true, give it the benefit of all inferences that may properly be drawn therefrom, and consider only such portions thereof as are favorable to the party adducing it. (*Reda v. Lowe,* 185 Kan. 306, 342 P. 2d 172.) Another rule of equal importance is that in testing the sufficiency of the evidence, a demurrer is to be regarded as directed to the *evidence admitted.* (*Emporia Plumbing & Heating Co. v. Noland,* supra; and *Jet-Wood Central Mercantile Co. v. Pringle,* 128 Kan. 159, 160, 277 Pac. 37.) This last rule is subject, of course, to the modification that if the party complaining properly raises the question of excluded evidence on appeal, and shows that such evidence should have been received, then such evidence may also be entitled to consideration in passing on the demurrer in the appellate court.

The appellant argues that error predicated on the exclusion of evidence where there has been no verdict, report or decision, but where the case comes to this court on an appeal from an order sustaining a demurrer to the evidence, is reviewable. (Citing, *Wagner v. Railway Co.,* 73 Kan. 283, 85 Pac. 299; and *City of McPherson v. Stucker,* 122 Kan. 595, 256 Pac. 963.)

Two years after the decision in *City of McPherson v. Stucker,* supra, the court explained the above decisions (relied upon by the appellant) as being the rule under the old statute, but not under the new 1909 statute (now 60-3004, *supra*), in *Jett-Wood Central Mercantile Co. v. Pringle,* supra, where it was held in Syllabus ¶ 2:

"An error in excluding evidence is not reviewable on appeal unless such excluded evidence has been produced and presented to the trial court by affidavit or otherwise at the hearing of the motion for a new trial, and this rule applies under R. S. 60-3004 in cases where a demurrer to the evidence has been sustained."

The appellant attempts to distinguish the *Jett-Wood* case by stating it appears to be proper where the court is faced with the situation of excluded oral testimony, because the court could have no knowledge of what the import of such evidence would be. It is argued the rule is different where the excluded evidence is documentary in form. Here it is argued the court had every oppor-

tunity to examine the two exhibits, namely the mortgage and the assignment, which were excluded; and that the question of their inclusion or exclusion was purely a matter of law.

The appellant's point is not well taken. The rule to which reference is made regarding the formal presentation of evidence on the hearing of a motion for a new trial, has reference to G. S. 1949, 60-3004, as construed by the court, and not to the exclusion of evidence where appeal has been perfected from an order sustaining a demurrer to the evidence.

We therefore hold the written mortgage and the written assignment of the mortgage, which the trial court erroneously excluded from evidence (See, *Hill, Adm'r, v. Petty,* 116 Kan. 360, 226 Pac. 717; *Charpie v. Stout,* 88 Kan. 318, 128 Pac. 396; *Rex v. Warner,* 183 Kan. 763, 332 P. 2d 572; *Hill v. Hill,* 185 Kan. 389, 345 P. 2d 1015; *Anthony v. Brennan,* 74 Kan. 707, 87 Pac. 1136; *Pletcher v. Albrecht,* 186 Kan. 273, 350 P. 2d 58; and *Robinson v. Campbell,* 60 Kan. 60, 55 Pac. 276), are not entitled to consideration on this appeal in determining whether the evidence admitted at the trial of the action is sufficient to overcome the demurrer.

It is established law that a negotiable note, as was admitted in evidence in the instant case, may be transferred by mere delivery without written endorsement. Here possession of the note by the appellant and its production at the trial furnished *prima facie* evidence of ownership in the appellant. (*O'Keeffe v. National Bank,* 49 Kan. 347, 30 Pac. 473.)

In *Savings Association v. Barber,* 35 Kan. 488, 11 Pac. 330, the court stated:

". . . Even if there was no written indorsement, none was necessary to enable the plaintiff to sue in its own name. A negotiable promissory note may be assigned orally, and the mere delivery for a valuable consideration will pass the title. Possession of a note—where it does not appear upon the note who the owner thereof is—is *prima facie* evidence of ownership. . . ." (p. 494.)

More recent decisions holding that possession of the note is considered *prima facie* evidence of ownership are *Manhattan Chamber of Commerce v. Gallagher,* 123 Kan. 155, 254 Pac. 345; and *Heyen v. Garton,* 129 Kan. 453, 283 Pac. 636.

Upon the facts and circumstances presented to this court, as viewed on demurrer, the evidence admitted in the trial court was sufficient to overcome a demurrer.

The judgment of the lower court is reversed.

FONTRON, J., not participating.