No. 45,310

Rodney L. Waterstradt, Flora E. Waterstradt, B. G. McCleery, Patsy R. McCleery, Albert L. Lebor, Florence B. Lebor, Edward H. Kracht, Geneva Kracht, Raymond F. Kerr, Lorraine J. Kerr, Kenneth E. Hebrank, Vera M. Hebrank, Lawrence A. Davis, Florence E. Davis, Leo E. Booker, Catherine E. Booker, and Leavenworth Homeowners Association, a voluntary association, *Appellants,* v. Board of Commissioners of the City of Leavenworth, *Appellee.*

(454 P. 2d 445)

Opinion filed May 17, 1969.

*John C. Tillotson,* of Leavenworth, argued the cause and was on the brief for the appellants.

*Thomas J. Brown, Jr.,* City Attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This controversy stems from a dispute over a rezoning ordinance.

The dispute involves a tract of land in the city of Leavenworth consisting of 600 feet running east and west and 400 feet running north and south. The tract is bounded on the north by Metropolitan Avenue, on the east by 16th Street and on the south by Pawnee Avenue. There are no streets running through the tract. Previous to the ordinance now in question the tract was divided into three separate strips for zoning purposes. The north strip consisting of 150 feet was zoned "E" general business. Both the north strip and the middle strip in controversy were owned by the same party, Dr. Hoins. The south strip consisting of 100 feet was zoned "A" single family dwelling. It is subdivided into lots and occupied by some of the plaintiffs.

The middle strip consisting of 150 feet was rezoned on July 17, 1967, from class "A" single family dwelling to class "C" apartments. Plaintiffs sought relief from the ordinance rezoning this middle strip in the district court under the provisions of K. S. A. 12-712.

The plaintiffs challenged the ordinance as arbitrary and unreasonable and not being enacted in conformity with the requirements of K. S. A. 1967 Supp. 12-708.

At the close of plaintiffs' evidence the defendant moved that the case be dismissed because of the failure of the plaintiffs to establish a *prima facie* case under the law.

The trial court made findings of fact which will not be set forth here, and concluded as a matter of law:

"1. The defendants are entitled to a judgment dismissing this action for the reason that upon the facts and the law the plaintiffs have shown no right to relief.

"2. The evidence presented by the plaintiffs fails to show that Ordinance No. 5751 is unreasonable or void.

"3. Ordinance No. 5751 was enacted by the defendants in conformity with the requirements of K. S. A. 12-708.

"4. Ordinance No. 5751 was not enacted in an arbitrary or unreasonable manner."

The plaintiffs have appealed to this court from the judgment of dismissal.

We should first give attention to appellants' procedural suggestion which reads:

"In ruling on the defendant's motion to dismiss plaintiffs' case for failure to present a *prima facie* case, the trial court failed to apply the proper standard. The rule is well stated in *Mid State Homes, Inc. v. Hockenbarger*, 192 Kan. 505, 389 P. 2d 760:

" 'In ruling on a demurrer courts do not weigh or compare contradictory evidence, but accept all the evidence as true, give it the benefit of all inferences that may properly be drawn therefrom, and consider only such portions thereof as are favorable to the party adducing it. . . .' "

The *Hockenbarger* case was tried under the old Code of Civil Procedure. When the new code became effective January 1, 1964, a new rule became applicable. K. S. A. 60-241 (*b*), dealing with involuntary dismissal, provides in part:

". . . After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all of the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in section 60-252 (*a*). . . ."

We have construed this statute as giving the trial judge, in a case tried without a jury, the power to evaluate evidence in a motion for an involuntary dismissal. In *Mackey-Woodard, Inc. v. Citizens State Bank*, 197 Kan. 536, 419 P. 2d 847, we held:

"Where the defendant in an action tried to the court without a jury moves for involuntary dismissal of the action at the close of the plaintiff's case pursuant to the provisions of K. S. A. 60-241 (*b*), based on the ground that upon the facts and the law the plaintiff has shown no right to relief, the trial judge has the power to weigh and evaluate the evidence in the same manner as if he were adjudicating the case on the merits and making findings of fact at the conclusion of the entire case, overruling *Pennsylvania National Mutual Cas. Co. v. Dennis*, 195 Kan. 594, 408 P. 2d 575." (Syl. 7.)

The opinion sets out the federal cases construing the Federal Rule from which K. S. A. 60-241 (*b*) was taken. They will not be repeated here.

The application of the above rule, for all practical purposes, disposes of appellants' chief contention, which reads:

"The trial court erred in sustaining defendants' motion to dismiss at the close of plaintiffs' evidence, for the reason that under the evidence adduced and *the reasonable inference therefrom plaintiffs presented a prima facie case* entitling them to equitable relief." (Emphasis supplied.)

We note next the restrictions on judicial review of zoning action taken by the governing body of a city.

In *Moyer v. Board of County Commissioners,* 197 Kan. 23, 415 P. 2d 261, we stated at page 29 of the opinion:

"The courts must be ever mindful of their limitations in reviewing discretionary orders of administrative bodies. It must be understood that the Board of County Commissioners had the right to prescribe zoning, the right to change zoning and the right to refuse to change zoning. The power of the courts is limited to determining the reasonableness of the action taken by the Board. The court should not substitute its judgment for that of the Board and should not declare its action unreasonable unless clearly compelled to do so by the evidence. (*Rich v. City of Wichita,* 189 Kan. 323, 369 P. 2d 378.) There is a presumption that the Board acted fairly, reasonably and its act was not discriminatory. It is incumbent upon those attacking the action to show wherein the Board's action was unreasonable. (*Konitz v. Board of County Commissioners,* 180 Kan. 230, 236, 303 P. 2d 180.)"

The statement was approved in *Arkenberg v. City of Topeka,* 197 Kan. 731, 734, 421 P. 2d 213, and applied in an action challenging a city zoning ordinance.

It may be said that about the only substantial evidence submitted by appellants was to the effect that as neighbors they objected to the rezoning for apartments and were fearful that their property would be decreased in value. In *Arkenberg v. City of Topeka, supra,* we stated at page 738:

". . . Basically, the controversy resolves itself to this: Certain residents owning their homes in the area object to the building of the proposed apartment; they have stated their reasons; these reasons have been taken into account by the zoning authorities and, in the interest of the entire city, deemed insufficient to prevent the proposed rezoning. Zoning is not to based upon a plebiscite of the neighbors. Their wishes are to be considered but the final ruling is to be governed by the basic consideration of the benefit or harm involved to the community at large (58 Am. Jur., Zoning, § 206)."

It should also be noted that during the month of February, 1961, the Leavenworth City Planning Commission adopted a comprehensive plan for the Leavenworth regional area. This regional plan is consulted and used as a guide for the purpose of rezoning. The property in question is designated for commercial usage in the regional plan. It should also be noted that the adjoining strip of land to the north was also designated for commercial use.

Appellants claim discrimination because the owners of two other pieces of property within two blocks or so of the tract in question were denied rezoning. Without considering the legal aspect of the

contention it will suffice to say that appellants' evidence showed the reason for the distinction made. Mr. Robert J. Hrabak, director of the City Planning Commission, was called as a witness by appellants. The record discloses the following:

"MR. ROBERT J. HRABAK, called, sworn and testified as a witness on behalf of Appellants, gave the further testimony not set out by Appellants, as follows:

"Mr. Hrabak testified that one of the reasons that the 'Hoins' property [tract in question] was approved for rezoning was because it had access to a major thoroughfare.

"That in regards to the 'Inkmans and Phillips' Tracts, the heavy traffic was one of the reasons for denial and that it was not a problem in the 'Hoins' Tract because it was on a major thoroughfare."

The reason given would appear to be ample to avoid any claim of discrimination.

The appellants challenge the ordinance on the basis that it constitutes "spot zoning." Appellee responds with the suggestion that the question was not presented to the trial court. Regardless of the procedural or legal posture of this issue, the rezoning was not "spot zoning." Appellants cite 51 A. L. R. 2d 267 as authority for its definition of the term. We quote:

"An amendatory ordinance which selects one lot, owned by one person, and creates for it a particular zoning classification different from that of the surrounding property, constitutes 'spot zoning.' Parker v Rash (1951) 314 Ky 609, 236 SW2d 687.

" 'Spot zoning,' as usually defined, signifies a carving out of one or more properties located in a given use district and reclassifying them in a different use district. Chayt v Maryland Jockey Club (1941) 179 Md 390, 18 A2d 856."

The property adjoining the rezoned property on the north was zoned as commercial. The rezoning of the strip in controversy tended to give two undeveloped strips a similar rather than different classification. Apartment buildings were permitted under the general business classification.

Appellants claim error because the trial court rejected their exhibit consisting of an architect's plan for developing the property in question. The plan was not presented to the Planning Commission at the hearing on the present application for rezoning and was not considered in adopting the ordinance. We cannot see how it would have been of any assistance to the court in determining whether the city officials acted arbitrarily or capriciously in rezoning the property.

After a careful examination of the record we are forced to con-

clude, as did the trial court, that the appellee was entitled to judgment dismissing the action for the reason that the appellants' evidence failed to show the rezoning ordinance was arbitrary, unreasonable or void.

The judgment is affirmed.

APPROVED BY THE COURT.