484 P.2d 1266

Loula DEXTER et al., Plaintiffs-Appellants,

v.

LAKESHORE CITY SANITATION DIS-
TRICT, Defendant-Appellee.

No. 9175.

Supreme Court of New Mexico.
May 10, 1971.

John B. Speer, Albuquerque, for appellants.

Marron, Houk & McKinnon, Albuquerque, for appellee.

## OPINION

McMANUS, Justice.

This was an action in the District Court of Sierra County on bonds and interest coupons issued by defendant Lakeshore City Sanitation District. John B. Speer brought the action on behalf of himself pro se and as attorney for the other three plaintiffs, James B. Speer II, as trustee, Loula Dexter and D. G. Bell. After the cause was at issue, plaintiff John Speer moved for summary judgment, which was denied. By stipulation of the parties, an amended complaint was filed and the case proceeded to trial without a jury, which resulted in a judgment for John B. Speer and a denial of the claims of the other three plaintiffs.

Plaintiff claims as error the failure of the trial court to grant summary judgment in plaintiffs' favor. The trial court's ruling on this motion was based substantially on the same reasoning as was his ruling after a full hearing on the case was concluded. Consequently, these will be covered together.

John B. Speer offered evidence as to the ownership of the bonds and coupons which were the subject of the trial. The bonds in question were bearer bonds and the other plaintiffs were neither present at the trial nor did they testify. The court accepted John B. Speer's testimony as to those bonds and coupons owned by himself, but refused his testimony as to the ownership of other bonds and coupons allegedly owned by the other three plaintiffs and dismissed their cause with prejudice.

A bearer bond is a negotiable instrument, whose mere possession is sufficient evidence upon which to predicate a right to sue, the presumption being that the holder of a negotiable instrument becomes its holder for value. See, Coler v. Board of County Com'rs., 6 N.M. 88 at 127–128, 27 P. 619 (1891). Numerous other cases have held that the title or interest of the holder of commercial paper cannot be disputed or inquired into unless necessary to establish a legitimate and meritorious defense. See City of Lakeland v. Select Tenures, Inc., 129 Fla. 338, 176 So. 274 (1934) ; Mid-State Homes, Inc. v. Hockenbarger, 192 Kan. 505, 389 P.2d 760 (1964) ; John Davis & Company v. Cedar Glen #

**558**

Four, Inc., 75 Wash.2d 214, 450 P.2d 166 (1969). Defendant in our case asserted no such defenses as discussed above, but filed a general denial of most of the allegations on the basis of lack of information or knowledge sufficient to form a belief as to the truth of the allegations. The burden of establishing a defense is upon the maker of negotiable promissory paper. The trial court erred in refusing to accept John B. Speer's testimony as to the other plaintiffs' ownership of bonds and coupons, as his mere possession and tendering of these instruments into evidence was sufficient.

Plaintiff, John B. Speer, also alleges error in that the trial court denied him interest from the date of maturity of the bonds until the date the court rendered judgment in his favor. The bonds in question were general obligation bonds calling for six per cent interest per annum. Defendant alleges that in the absence of specific language on the instrument, interest cannot be collected after the due date of the bonds, as that would result in the collection of interest upon interest. However, the case of Munro v. City of Albuquerque, 43 N.M. 334, 93 P.2d 993 (1939), is dispositive of this issue. In that case the court distinguished between special and general obligation bonds, making it clear that because of state statutes allowing a governing body to levy and collect taxes for payment of general obligations at any time they should become necessary, see §§ 75–18–16, 75–18–17, N.M.S.A. (1953 Comp.), as opposed to special obligation bonds which can draw only upon specific funds as designated by statute and city ordinance, interest may be collected after the date of maturity of a general obligation bond in accordance with the general rule as cited in 27 A.L.R. 81 at 89, which states:

"According to the great weight of authority, interest coupons or notes executed by the maker of a note or bond to evidence instalments of interest do bear interest after maturity, although there is no provision for interest."

See also, § 50–6–3, N.M.S.A. (1953 Comp.). Therefore, John B. Speer is entitled to collect interest computed at the rate of six per cent per annum from the date of issuance of the bonds until the date he actually receives payment for them.

The judgment of the trial court is affirmed as to John B. Speer, except that he shall also be awarded interest on his judgment from the date of maturity of the bonds until the date of actual payment of the bonds. As to the other plaintiffs, the judgment of the trial court is reversed, with orders for a new trial, as any evidence of their ownership of bonds and coupons due was wrongfully refused entry by the trial court.

It is so ordered.

COMPTON, C. J., and OMAN, J., concur.