No. 47,235

VERYL L. THURMAN and THURCO, INC., *Appellants*, v. THE CITY OF
MISSION, JOHNSON COUNTY, KANSAS, and THE GOVERNING BODY
THEREOF, *Appellee*, and WILLIAM WILLHITE, et al., *Intervenors*.

(520 P. 2d 1277)

Opinion filed April 6, 1974.

*John Anderson, Jr.*, of Anderson, Granger and Nagels, of Overland Park,
argued the cause, and was on the brief for the appellants.

*Frank W. Hursh*, of Keach, Howard and Hursh, of Mission, argued the
cause and was on the brief for the appellee.

*Per Curiam:* The appeal is from a judgment upholding the action
of the city of Mission in denying a petition to rezone a tract of land
at the southeast corner of U. S. Highway 50 and Lamar Street in the
city of Mission, Kansas. The tract lies in an area which is zoned
and developed for residence use.

Appellants seek to have the zoning changed for their tract to
office building use so that they could build an office building
thereon. Residential owners intervened and offered evidence in
opposition.

It appears from the record that the appellant Thurman had an
option to buy the land for $200,000, subject to getting the zoning
changed, and after a first petition for such change was denied in
1968, he later bought the land anyway for $150,000. This appeal
results from the denial of this later and second application, initiated
by Mr. Thurman.

The trial court found that "the determination of the Governing
Body of the City of Mission in denying rezoning for the use con-
templated was not arbitrary, capricious or unreasonable." We
are asked to reverse that finding and direct the rezoning because
the denial of it (1) amounts to a confiscation of appellants' property,
(2) denies appellants the economical use of their property without
any reasonable basis in fact or law, and (3) is based on political
considerations rather than reasoned community planning.

A careful reading of the record persuades us that there is no basis
for the intervention of this court by substituting its appraisal of

the merits of the zoning claims for that of the governing body and the lower court.

The crux of the appellants' claim is that the residential zoning does not allow development of their property for the highest and best use, and that development for residential use is financially unrealistic. The record leaves this last proposition in some doubt except as it is related to speculative land values dependent on some type of zoning use other than the residential use for which the area has been zoned.

Even if it were to be conceded that the highest and best use for this property is for an office building, the fact remains that if zoning determinations were to depend on this factor alone, the very purpose of zoning would be nullified and spot zoning would be the order of the day.

Likewise there is nothing in the record from which it must be concluded that the zoning involved here is predicated solely on political considerations. At most it appears that the wishes of neighboring landowners may have been taken into account. Cf. *Waterstradt v. Board of Commissioners,* 203 Kan. 317, 454 P. 2d 445, Syl. ¶ 4.

We agree with the trial court that the record does not show that the action denying the zoning application was arbitrary, capricious, or unreasonable. The controlling principles as announced in *Paul v. City of Manhattan,* 212 Kan. 381, 511 P. 2d 244 are applicable.

The judgment is affirmed.