Anthony v. Brennan.

---

### C. M. ANTHONY v. J. F. BRENNAN.
#### No. 14,735.   (87 Pac. 1136.)
#### SYLLABUS BY THE COURT.

TITLE AND OWNERSHIP—*Mortgages—Transfer by Delivery.* The act relating to the recording of assignments of mortgages (Laws 1899, ch. 168) does not restrict the methods by which a negotiable note and a mortgage securing it may be transferred, nor prevent a transfer of the ownership of such paper by mere delivery.

Error from Clay district court; SAM KIMBLE, judge. Opinion filed December 8, 1906. Affirmed.

*W. P. Anthony,* for plaintiff in error.

*J. P. Otis,* and *George L. Davis,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was a suit to recover on a promissory note for $495, executed by C. M. Anthony to Laura Fish and five other payees, and to foreclose a mortgage given to secure the payment of the note. Default was made in the payment of the note, and J. F. Brennan, who became the owner and holder of the note and mortgage shortly after they were executed, brought this suit. It appears that at the commencement of the suit he had obtained a written assignment of the mortgage from only one of the mortgagees. For this his original petition was attacked by demurrer and held to be insufficient, and he filed an amended petition setting forth assignments which he had subsequently obtained from the remaining mortgagees, executed after the suit was begun. The sufficiency of the amended petition was challenged by a demurrer, which the court overruled. A trial resulted in a judgment upon the note and a decree foreclosing the mortgage.

It is now insisted that the amended petition did not show a right of recovery in Brennan, and that the court erred in overruling the demurrer. The argument is that as Brennan had not procured all of the assignments of the mortgage when the original petition was filed he did not then have an existing cause of action against Anthony, and that the defect was not cured by obtaining and pleading them in the amended petition. These assignments were not essential to a statement of his cause of action. The note in suit was negotiable in form, and it and the mortgage were transferable without a written indorsement and by mere delivery. A like question was raised in *O'Keeffe v. National Bank,* 49 Kan. 347, 30 Pac. 473, 33 Am. St. Rep. 370, and it was held that the title to a note and the mortgage securing its payment passed by delivery, and that the possession of the instruments and their

Anthony v. Brennan.

production at the trial by the plaintiff furnished *prima facie* evidence of his ownership. The payees of the note are not contesting Brennan's title to the paper. Whatever the rule might be if the title and ownership were challenged by the payees, it is clear that delivery and possession were sufficient for Brennan's purpose.

Plaintiff in error appears to concede this to have been the correct rule, but he claims that it has been changed by the act relating to the assignment of real-estate mortgages. (Laws 1899, ch. 168.) That act does not undertake to limit the methods by which real-estate mortgages may be transferred, and it does not provide that the failure to make a record of an assignment of a mortgage shall invalidate the security or the transfer. It was intended as a protection to mortgagors, and the only penalty prescribed for not recording the transfer is that all payments made by the mortgagor to the mortgagee or to any one who appeared to be the owner shall be credited to the mortgagor, although the assignee never received such payments. This was the view taken of the statute in earlier cases. (*Myers v. Wheelock,* 60 Kan. 747, 57 Pac. 956; *Wheelock v. Myers,* 64 Kan. 47, 67 Pac. 632.)

The ownership of the paper was sufficiently shown in the pleadings, and also in the proof that was offered to sustain it. The judgment is affirmed.

All the Justices concurring.