No. 24,616.

Lucy S. White, *Appellee*, v. (Henry A. Kemberling and Lottie Kemberling, His Wife, *Appellees*), and C. E. Bronner, *Appellant*.

SYLLABUS BY THE COURT.

Note and Mortgage—*Assigned by Mortgagee—Assignment Not Recorded—Note and Mortgage Paid to Mortgagee of Record—Note and Mortgage Effectually Extinguished.* Where a mortgage on real estate is assigned by the mortgagee to another but no record is made of the assignment and the mortgagor thereafter without notice of the assignment pays the amount of the mortgage indebtedness to the mortgagee who accepts it in full payment of the note and mortgage, the mortgage debt is effectually extinguished and the mortgage discharged although the mortgage debt had not matured when payment was made.

Appeal from Leavenworth district court; James H. Wendorf, judge. Opinion filed July 7, 1923. Affirmed.

*S. D. Scott*, of Olathe, *Francis H. Tichenor, Hiram E. Todd, Hugh E. Wilson*, and *Chester F. Barnett*, all of Peoria, Ill., for the appellant.

*Malcolm McNaughton*, of Leavenworth, and *T. M. Lillard*, of Topeka, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This was an action brought by Lucy S. White to recover upon a note and to foreclose a mortgage on a tract of land, both executed by Henry A. Kemberling and wife to J. L. Pettyjohn & Company. C. E. Bronner who claimed a first lien

White v. Kemberling.

on a mortgage of an earlier date on the same land was made a defendant. The court found in favor of the plaintiff awarding judgment against the Kemberlings for the amount of the note held by her and foreclosing the mortgage securing it, but also holding that Bronner was not entitled to judgment on the note which he held and had no lien on the land. Bronner appeals.

A summary of the facts on which the controversy depends is that on June 1, 1918, the Kemberlings executed a note and mortgage to J. L. Pettyjohn & Company, who will hereafter be designated as Pettyjohn, for $4,000. The mortgage was duly recorded at once. About October 1, 1918, Pettyjohn indorsed and assigned the note and mortgage to G. F. Carson & Company, and on December, 1918, that company transferred then to Bronner who became an innocent holder for value of the note and mortgage, but the assignment was not recorded until July 23, 1921. On May 1, 1920, the Kemberlings executed a note and mortgage for $5,000 on the land to Pettyjohn in payment of the $4,000 note and of other indebtedness which they supposed was still owned by Pettyjohn, the assignment of mortgage not being of record, and it was shown that they had no knowledge actual or constructive that Bronner was the owner and holder of this note and mortgage. Thereafter and about June 3, 1920, in the usual course of business, Pettyjohn sold and assigned the $5,000 note and mortgage to Lucy S. White for which a valuable consideration was paid and this assignment was duly recorded. The court found that the $4,000 note had been paid and the lien discharged, and that Bronner should take nothing by his action. Bronner contends that the payment made did not operate to discharge his note and mortgage because the giving of the new mortgage could not be regarded as a payment of the one held by him. The Bronner mortgage for $4,000 being earlier in time would have had priority over that of the plaintiff if no payment thereof had been made. Pettyjohn was the mortgagee and professed to be the owner and as the record stood he still owned the note and mortgage. As we have seen the mortgagors believed and from the record had a right to believe that he was the owner and holder. We need not inquire what the effect would have been if the mortgagors had actual notice of a transfer since it appears that they had neither actual nor constructive notice that the note and mortgage had been assigned to another. The failure of Bronner to make a record of

the assignment contributed to the understanding that none had been made. Someone must suffer through the wrong of the original mortgagee in the transaction and in the absence of a statutory provision authorizing payment by the mortgagor to the record holder, the loss must have fallen on the mortgagor. The statute provides:

"In cases where assignments of real estate mortgages are made after the passage of this act, if such assignments are not recorded the mortgagor, his heirs, personal representatives, or assigns, may pay all matured interest or the principal debt itself prior to the recording of such assignment to the mortgagee, . . . and such payment shall be effectual to extinguish all claims against such mortgagor, his heirs, personal representatives, and assigns, for or on account of such interest or such principal indebtedness; and no transfer of any note, bond or other evidence of indebtedness, by indorsement or otherwise, where such indebtedness is secured by mortgage on real estate within this state shall prevent or operate to defeat the defense of payment of such interest or principal by the mortgagor, his heirs, personal representatives, or assigns, where such payment has been made to the mortgagee or to the assignee whose assignment appears last of record under the provisions of this act." (Gen. Stat. 1915, § 6485).

Pettyjohn was the record owner of the mortgage and under the provisions of the statute quoted the mortgagor had the right to make payment to him. It has been suggested that the evidence does not show clearly that the new note and mortgage was accepted as payment of the $4,000 mortgage, but there is no paucity of proof on the question. It was shown that the new note and mortgage for $5,000 was executed and delivered for the express purpose of taking up and discharging the $4,000 mortgage and applying the additional $1,000 to the payment of other indebtedness which Kemberlings owed to Pettyjohn. In the application for the $5,000 loan it was expressly stated that the loan was wanted for the purpose of paying the $4,000 mortgage and would be used for that purpose. In the report made on that application by the examiner he stated that the borrower proposed to use the money obtained on the new mortgage to pay off the $4,000 mortgage debt.

There is a further contention that the statute only applies to mortgages that are due but we find nothing in it warranting such an interpretation. It was not yet due but it was an outstanding obligation and lien which the mortgagors were entitled to pay and have discharged. Payment was made by them and accepted by the original mortgagee who is the record owner and had the apparent right to receive payment before or after the debt was due.

Attention is called to *Koehane v. Smith et al.*, 97 Ill. 156, as to the
effect of a payment of negotiable paper secured by a mortgage,
holding that it was the duty of the mortgagor to ascertain whether
the note and mortgage not yet due were in the hands of one to whom
payment was made. In this state, however, the rule has been
established by a statute which expressly provided that a payment to
a record owner is binding upon an assignee who fails to record the
assignment and this statute has been interpreted and the rule ap-
proved in *Allen v. Waddle,* 111 Kan. 690, 208 Pac. 551.

Following that ruling the judgment must be affirmed.