Jacobs v. Hester.

---

No. 26,229.

FLOYD E. JACOBS, as Administrator of the Estate of DIETRICH FADLER, Deceased, *Appellant*, v. WILEY HESTER, H. T. ABERNATHY, THE FIRST NATIONAL BANK OF KANSAS CITY, MISSOURI, et al., *Appellees*.

SYLLABUS BY THE COURT.

1. AGENCY—*Requisites and Validity—Relation of Parties.* In an application for a farm loan addressed to a mortgage loan broker, where the latter is also designated as the agent of the borrower to procure a loan for the applicant, the relation of principal and agent does not arise when the broker does not in fact perform any service as agent for the borrower, but in lieu thereof closes a contract with the applicant by making him a loan evidenced by a negotiable note and mortgage where the mortgage loan broker is himself named as payee, and where no third party is concerned in the transaction at the time the loan is made—following *Fitzgerald v. Realty Co.*, 106 Kan. 54, 186 Pac. 739.

2. MORTGAGES—*Payment and Satisfaction—New Note and Mortgage—Rights of Undisclosed Assignee.* By agreement of the parties concerned, payment of an outstanding mortgage indebtedness may be made by giving a new note and mortgage in lieu thereof, and such agreement may be made with the mortgagee of the outstanding mortgage where the record does not disclose

1. Agency, 2 C. J. § 26.   2. Mortgages, 27 Cyc. p. 1315.

that it has been assigned and where the debtor has no other notice of its assignment.

3. SAME — *Assignment — Effect of Failure to Record.* Defendants purchased eighty acres of land and gave the vendors their note and mortgage in payment of the purchase price. The payees sold and assigned the note and mortgage to plaintiff's decedent, who failed to record the assignment. At the maturity of the note defendants, who had no actual notice that it and its related mortgage had been assigned and had no notice of plaintiff's interest therein, gave a new note and mortgage to the original payees to take up and satisfy the older obligation, and the payees negotiated the later note and mortgage to a bank and its trustee. *Held,* that the first note and mortgage were paid by the execution and delivery of the later note and mortgage since such was the intention of the parties; and *held,* also, that the mortgagors could safely deal with the original mortgagees in such transaction since there was no record of the assignment of the original mortgage.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion filed November 7, 1925. Affirmed.

*Stephen H. Allen, Otis S. Allen* and *George S. Allen,* all of Topeka, for the appellant.

*Harry Warren, B. Hudson* and *Douglas Hudson,* all of Fort Scott, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: Plaintiff brought this action to foreclose a mortgage for $2,750 covering eighty acres of Bourbon county land, executed by defendant Hester and wife in favor of J. L. Pettyjohn & Company, dated July 1, 1915, and due in five years. This mortgage was given to secure an indebtedness of the same amount, due from the mortgagors, for the purchase price of a farm owned by Pettyjohn & Company. There were 240 acres in the farm, but for the convenience of the parties three separate obligations secured by separate mortgages on eighty-acre parcels of the farm were executed by Hester and wife, supplemented by a blanket mortgage on the whole farm. Pettyjohn & Company, payees of the mortgage of present concern, sold and assigned it on July 17, 1915, to Dietrich Fadler, plaintiff's decedent, but the assignment was never recorded. Hester and wife paid the interest on this mortgage from time to time, and when the principal sum became due in 1920 they executed a new note and mortgage to Pettyjohn & Company to pay the mortgage of 1915. On December 30, 1920, Pettyjohn & Com-

3. Mortgages, 27 Cyc. pp. 1295, 1413; 19 R. C. L. 361.

pany assigned the mortgage of 1920 to H. T. Abernathy, trustee for the First National Bank of Kansas City, Mo. Abernathy recorded his assignment on January 14, 1921. The validity of the assign-. ment to Abernathy and the First National Bank was the subject of some federal court litigation instituted by the trustee of the bankrupt estate of Pettyjohn & Company, but that litigation was compromised and the parties to this action have stipulated that Abernathy is the owner and holder of the note and mortgage of 1920, for value, before maturity, and without notice of any infirmities therein, "except such as may be constructively implied by the record of said mortgage."

In this action on the note and mortgage of 1915, defendants pleaded payment. The evidence tended to support that defense. In the negotiations leading up to the execution of the note and mortgage of 1920, Hester was required to fill out and sign an application which contained various questions and answers, for example:

"For what purpose is the loan desired? To take up old mortgage.

"To whom did you make this application? J. L. Pettyjohn & Company.

. . . . . . . . . . . . . . . .

[What incumbrance?] "The only incumbrance against this land is, will be this loan of $2,750 held by J. L. Pettyjohn, upon which there is no past interest due."

This application also contained the following:

"I, the undersigned, Wiley Hester, of Bronson post office, county of Bourbon, state of Kansas; do hereby appoint J. L. Pettyjohn & Company, of Olathe, Kan., my agent, to procure for me a loan of twenty-seven hundred fifty and no/100 dollars ($2,750), for the term of five years with interest at six per cent per annum, to be paid semiannually, secured by first mortgage or trust deed upon the following described real estate in the county of Bourbon, state of Kansas [description] . . .

"I do hereby appoint J. L. Pettyjohn & Company, Olathe, Kan., my attorney irrevocably for me and in my name, place and stead to procure this loan from any person or corporation. . . . I hereby ratify and confirm all that my said agent may do in the premises, as fully as if done by myself."

Judgment for costs was entered in favor of Hester and wife and against the plaintiff, and foreclosure of the mortgage of 1920 was decreed in favor of Abernathy and the bank.

Plaintiff appeals, conceding that the controlling question is whether the note and mortgage of 1915 held by plaintiff were paid by the execution and delivery to Pettyjohn & Company by Hester

and wife of the note and mortgage of 1920.  Plaintiff argues that an affirmative answer to this question does not necessarily follow because of our prior decisions in *Allen v. Waddle,* 111 Kan. 690, 208 Pac. 551; *White v. Kemberling,* 114 Kan. 112, 216 Pac. 1087, and other analogous precedents.  It is contended that Hester's testimony and the application he signed in 1920 show that he knew Pettyjohn & Company did not intend to loan him money themselves, but to procure the desired sum by selling the mortgage to third parties.  Emphasis is placed upon the designation of Pettyjohn & Company as Hester's agent.  There might be some merit in that point if, pursuant to such appointment, Pettyjohn & Company had performed any act of agency for Hester.  But there was no third party with whom Pettyjohn & Company made a contract on Hester's behalf pursuant to that appointment as Hester's agent. If Pettyjohn & Company had presented themselves to a money loaner as Hester's agent and had procured a loan and had obligated their principal, Hester, to pay the same, their agency appointment might cut an important figure in this or some other lawsuit.  But the record does not show that they ever performed any act as agent of Hester, and indeed, the fact that in the note and mortgage of 1920 Pettyjohn & Company were named as payees—as principals—precludes the idea of their being agents of Hester.  The argument made for appellant here was urged and answered in *Fitzgerald v. Realty Co.,* 106 Kan. 54, 186 Pac. 739, where it was held:

"A prospective borrower made written application to an investment company, in which he appointed it as his attorney in fact to procure a loan for him.  Thereafter, he executed to that company a mortgage for the amount asked and also what was called a commission mortgage.  *Held,* that the transaction amounted to a negotiation for a direct loan from the company." (Syl. ¶ 1.)

Plaintiff suggests a distinction between the present case and *Allen v. Waddle,* supra, based on the point that in that case Waddle actually got the money from Pettyjohn & Company, but here Hester did not.  However, Hester got *land* from Pettyjohn & Company, which created the original indebtedness evidenced by the note and mortgage of 1915.  And certainly land is as good a consideration as money.

It is also argued that Hester and wife are not in the situation of persons who pay their debt without notice that the recipient has

parted with his interest in the indebtedness, as was the case in *White v. Kemberling,* supra. The argument is made by recurring to the recitals of Hesters' application for a loan and appointing Pettyjohn & Company as the agent to procure it. It is plausibly urged that being Hester's agent, whatever Pettyjohn & Company knew was notice to Hester, and whatever Pettyjohn & Company did was the act of Hester. But we have already seen that notwithstanding Pettyjohn & Company's nominal appointment as agent, they performed no act for Hester as agent, but dealt with him as principals, and in accordance with their latter attitude they, Pettyjohn & Company, became in fact, and were so designated, the obligees of the note and mortgage of 1920 executed and delivered in payment of the mortgage indebtedness of 1915.

Part of plaintiff's argument proceeds on the assumption that there was something reprehensible in the conduct of Hester and wife, but the record submitted to us discloses no basis for that point of view. There is nothing in the record justifying an inference that Hester and wife knew that Pettyjohn & Company did not own or control the old mortgage or that Pettyjohn & Company were not in a position to discharge it of record. The old note was due and Pettyjohn & Company were the designated payees, and the statute protects an obligor of a mortgage debt when he pays it to the mortgagee when no assignment from the latter appears of record. (R. S. 67-321; *Honer v. State Bank,* 114 Kan. 123, 125, 216 Pac. 822.)

It is also suggested that to be effectual a payment of a mortgage debt must be made in money. Not necessarily. By agreement, such as was clearly shown to exist in the present case, payment of an indebtedness evidenced by a note may be made by giving a renewal note, and of course a mortgage is a mere incident to the note; and when a note is paid—and however paid—the mortgage pertaining thereto is satisfied. (*Bank v. Cooper,* 99 Kan. 731, 162 Pac. 1169 and citations; *State Bank v. Weiser,* 117 Kan. 389, 232 Pac. 613.)

In this case the avowed purpose of the note and mortgage of 1920 was to take up and satisfy the indebtedness evidenced by plaintiff's note and mortgage of 1915. The evidence was to the same effect. The fact that the mortgage of 1915 was not released of record has no significance in this lawsuit so far as concerns this plaintiff; and

apparently it has raised no controversy among the defendants where their interests diverged. But see *Juniata College v. Warren,* 118 Kan. 228, 235 Pac. 98; *Mitchell v. Perkins,* 118 Kan. 449, 235 Pac. 1036.

Affirmed.