744

No. 28,429.

H. D. DOTY (Substituted for E. C. Crow), *Appellant*, v. MARY E. CAMPBELL et al., *Appellees*.

(275 Pac. 148.)

Opinion filed March 9, 1929.

*Charles C. Calkin,* of Kingman, for the appellant.

*J. Graham Campbell* and *W. M. Glenn,* both of Wichita, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action on two promissory notes of $2,000 each and to foreclose a real-estate mortgage given to secure their payment. The defense was payment to the last assignee of record. The reply put this defense in issue. The trial court made findings of fact, also conclusions of law, and rendered judgment for defendants. The plaintiff has appealed.

The pertinent facts may be stated as follows: The defendants owned and operated a farm of 560 acres in Harper county. The farm was encumbered by a first mortgage for $10,000 and by a second mortgage for $2,500. In September, 1921, defendants, being indebted to one Craig in the sum of $14,500, gave him six notes of $2,000 each and one note for $2,500, and to secure the same gave him a mortgage on the farm subject to the two prior mortgages. Craig sold, and by indorsement conveyed to one N. Melson the six notes for $2,000 each and assigned to Melson the mortgage, in so far as it applied as security, for the payment of those notes, and this assignment was duly recorded. Melson transferred two of the notes to a firm in

Hutchinson and gave to it a partial assignment of the mortgage, and this was recorded. Melson, being indebted to the Cunningham State Bank, indorsed and delivered two of the notes to the bank as collateral security for his indebtedness there. He informed the officers of the bank of the existence of the mortgage, but at no time made any assignment in writing of the mortgage, or of any interest therein, to the bank, and therefore no assignment of record of the mortgage to the bank was ever made.

Thereafter the Cunningham State Bank failed. A receiver was appointed, and the interest of the bank in the two notes of $2,000 each, by sundry transfers, passed to the plaintiff, who became the lawful owner and holder of the notes, no part of which had been paid to the bank, or to its receiver, or to plaintiff. While the notes were held by the bank or the receiver some efforts were made to collect interest from defendants, but neither the officers of the bank nor its receiver indicated to defendants that the bank or its receiver was the lawful owner of the note.

In December, 1923, defendants paid to N. Melson $2,133, in full payment and satisfaction of the four notes of $2,000 each, which included the two notes of $2,000 each which Melson had transferred to the Cunningham State Bank as collateral security. At this time Melson delivered to defendants the two notes he then had in his possession, together with a written release of the real-estate mortgage as it applied to the four notes, which release was duly recorded December 22, 1923. At that time Melson did not deliver to defendants the two notes in question in this action then held by the receiver of the Cunningham State Bank, but informed defendants that the bank, or its receiver, made some claim to the two notes, but that such claim was unfounded, and that he, Melson, was the real owner of the notes. Defendants did not know that the bank or its receiver then owned the notes, but believed in fact that Melson owned them. Of the seven notes given by defendants to Craig the five not involved in this action were fully paid and satisfied by the defendants. The court found that in December, 1923, at the time of the settlement and payment to Melson, as above stated, that Melson was the only party with whom defendants could settle the mortgage indebtedness comprising the two notes in question and from whom defendants could secure a release of the mortgage. The court there-

fore held there had been a payment and that plaintiff could not recover. In support of the judgment of the trial court defendants rely upon a section of our statutes which reads:

"In cases where assignments of real-estate mortgages are made after the passage of this act, if such assignments are not recorded, the mortgagor, his heirs, personal representatives, or assigns, may pay all matured interest or the principal debt itself prior to the recording of such assignment to the mortgagee, or if an assignment of such mortgage has been made that duly appears of record, then such payment may be made to the last assignee whose assignment is recorded in accordance with the provisions of this act, and such payment shall be effectual to extinguish all claims against such mortgagor, his heirs, personal representatives, and assigns, for or on account of such interest or such principal indebtedness; and no transfer of any note, bond or other evidence of indebtedness, by indorsement or otherwise, where such indebtedness is secured by mortgage on real estate within this state, shall prevent or operate to defeat the defense of payment of such interest or principal by the mortgagor, his heirs, personal representatives, or assigns, where such payment has been made to the mortgagee or to the assignee whose assignment appears last of record under the provision of this act: *Provided, however,* That in all such cases the assignee who may hold such unrecorded assignment shall have a right of action against his assignor to recover the amount of any such payment of interest or principal made to such assignor as upon an account for money had and received for the use of such assignee." (R. S. 67-321.)

The judgment of the trial court was in accordance with this statute. The only assignment of the mortgage the bank had was such as naturally flows as a matter of law from the fact that two of the notes secured by the mortgage had been indorsed and delivered to it. But in that respect it is in no better position than it would have been in if Melson had in fact made an assignment of the mortgage to the bank and the same had not been recorded. The statute specifically authorized the mortgagor to pay the last assignee of record, and limits the remedy of the holder of the unrecorded assignment of the mortgage to an action against his assignor.

Appellant argues that defendants had actual knowledge of the rights of the Cunningham State Bank and its receiver, and refers to R. S. 67-322, which provides that where the mortgagor has actual notice or knowledge of the assignment or transfer, the payment to the last assignee of record does not constitute a defense in an action by the owner of the note. There are two answers to this argument. The first is, the court found that the mortgagors had no actual

knowledge that the bank or its receiver was the owner of the two notes in question; and the second is that R. S. 67-322 applies only to assignments made prior to 1899. Appellant complains of the finding of the court with respect to lack of knowledge of the defendant of the ownership of the notes by the bank or its receiver. But the finding appears to be supported by the evidence, and whether it is or not becomes immaterial in view of the fact that R. S. 67-322, on which plaintiff relies, applies only to assignments prior to the passage of that act. The assignment of the mortgage in question, if one can be said to have been made to the bank, was made long after that date, and the rights of the parties with respect to it are governed by R. S. 67-321. We have examined all authorities cited by appellant on this point and find nothing in any of them contrary to this view.

Appellant argues that in any event defendants could not pay Melson their notes of the face value of $8,000 with only $2,133 in money, and that the word "payment," as used in the statute, is not tantamount to a compromise and settlement. We regard this point as being without substantial merit. One to whom a debt secured by a mortgage is payable, if he cares to do so, may accept in full payment a sum less than the whole amount due thereon in full settlement of the mortgage debt, and release the mortgage of record. And when payment is made in a sum or manner satisfactory to the person entitled to receive it, "such payment shall be effectual to extinguish all claims against such mortgagor." (R. S. 67-321.)

The judgment of the court below is affirmed.