No. 40,238

W. R. KINMONTH and MARY I. KINMONTH, *Appellees,* v. (ROBERT F. GRIFFITH, Doing Business as ROBERT F. GRIFFITH AGENCY, *Defendant*) F. R. HOLM and LOIS W. HOLM, *Appellants.*

(304 P. 2d 494)

Opinion filed December 8, 1956.

*Floyd A. Sloan,* of Topeka, argued the cause, and *W. Glenn Hamilton, Eldon Sloan* and *James W. Sloan,* all of Topeka, were with him on the briefs for the appellants.

*Turner M. Murrell,* of Topeka, argued the cause, and *Allen Meyers, Philip C. Gault, Herbert A. Marshall, Doral H. Hawks,* and *Lynn D. Smith, Jr.,* all of Topeka, were with him on the briefs for the appellees.

The opinion of he court was delivered by

PARKER, J.: This was an action to recover earnest money paid on a real estate contract. The plaintiffs recovered, hence this appeal.

It is undisputed that on November 20, 1954, the defendants F. R. Holm and Lois W. Holm, as sellers, and the plaintiffs W. R. Kinmonth and Mary I. Kinmonth, as purchasers, entered into a contract in writing which, so far as pertinent to the issues involved, reads:

"The Seller agrees to sell and convey to the Purchaser, and the Purchaser agrees to buy, the following described real estate, in ___Shawnee___ County, Kansas, to-wit: ___Property known as 1601 Collins___"

.   . .   .   .   .   .   .   .   .   .   .   .

"That Purchaser hereby covenants and agrees to pay the sum of $___ 16,500.00___ which amount the Seller hereby agrees to accept as the full pur-

chase price of the above described real estate, to be paid in the manner following: $____1500.00____ paid at this time as earnest money to ____Robert F. Griffith Agency____ who acknowledges receipt thereof, to be held by said ____Robert F. Griffith Agency____ until a deed properly executed and evidence of good merchantable title are furnished, such amount then to apply on the purchase price; and the balance of the purchase price (or $____15,000.00 ____) is to be paid as follows: ____on delivery of the deed.____

"____This agreement is contingent upon purchasers being able to obtain financing in the amount of $13,000 and in the event financing cannot be obtained, down payment will be refunded____

"That the deed and other papers of transfer are to be executed at once and placed in ESCROW with ____Robert F. Griffith Agency____and all deferred payments (except encumbrances assumed) are to be paid through said ____Robert F. Griffith Agency____who shall hold and then pay and deliver the same to the respective parties entitled thereto upon full performance by the parties of all the terms of this contract, or other disposition made of said contract."

.   .   .   .   .   .   .   .   .   .   .   .

"That in case of the failure of the said purchaser to make either of the payments, or perform any of the covenants on ____their____part hereby made and entered into, this contract may, at the option of the Seller, be forfeited and determined, and the Purchaser shall forfeit all payments made by ____them____ on this contract, and such payments shall be retained by Seller in full satisfaction and in liquidation of all damages by ____them____ sustained____.   .   .   ."

Plaintiffs commenced the action by filing a petition wherein they made the contract, averred to have been prepared by the defendant Griffith as agent for the other defendants, a part of such pleading and further alleged:

"That maximum financing available was in the sum of $11,500, being the sum guaranteed by the Federal Housing Administration. That defendants at all times knew that the said. Federal Housing Administration guaranteed loan was the highest amount available. That although demand has been duly made upon the defendant escrow agent, Robert F. Griffith and the defendants, F. R. Holm and Lois W. Holm for the return of the plaintiffs $1500.00, the defendants and each of them have willfully, wholly failed, neglected and refused to return said sum of money to plaintiffs. That plaintiffs diligently attempted to secure financing in the amount of $13,000, but were unable to obtain any loan or financing in that amout."

After recital of the foregoing allegations, and others which have not been quoted because they are not important to the issues, the petition alleged that Griffith had neglected and refused to return the plaintiffs' down payment of $1,500 and prayed for judgment against all defendants in that amount.

In their answer, after denying all other allegations of the petition,

defendants Holm and Holm admit the execution and terms of the contract as pleaded, assert that plaintiffs notified defendants they would not carry out its terms, and concede Griffith retains the down payment made by plaintiffs on the date of its execution. Further allegations of such answer are to the effect that plaintiffs could have obtained financing in the amount of $13,000, as provided by the terms of the contract, and that by reason of their failure and refusal to do so the defendants are entitled to judgment for the amount plaintiffs paid Griffith at the time of the execution of that instrument.

For all purposes essential to disposition of the cause it may be stated the separate answer of defendant Griffith contains allegations similar to those pleaded by his codefendants.

With issues joined as related the cause was tried by the court. During the trial evidence was offered by plaintiffs and received to the effect that prior to execution of the contract it was agreed by the parties "that financing in the amount of $13,000.00" was to be FHA financing only and that no part of such sum was to be raised through the medium of encumbrances on other property, either real or personal, owned by plaintiffs. At the close of the trial, on motion of defendants, all this evidence was stricken. Notwithstanding the court found that the $1,500 in controversy, which theretofore had been paid to the clerk of the district court by defendant Griffith, should be returned to the plaintiffs and rendered judgment accordingly. Defendants Holm and Holm then perfected this appeal.

A careful analysis of the record and all contentions advanced by the parties in their briefs and on oral argument discloses that there are actually but two questions involved in this appeal. We shall now consider the one of first importance.

Boiled down and stripped of all excess verbiage the essence of appellants' first contention is that the trial court erred in concluding that the provisions of the contract, heretofore quoted, were to be construed as contemplating that appellees were entitled to a return of the down payment made by them if unable to obtain financing in an amount of $13,000 on the particular property involved in the sale. Otherwise stated, and without detailing the evidence on the point, appellants' position is that if a loan of $13,000 could not be obtained upon such property the contract requires that appellees make up the difference between that sum and what could be obtained by placing encumbrances on other property, either real or

personal, owned by them. Resort to the contract, supplemented by reference to the record, discloses that appellees were obligated to raise $2,000 in that manner over and above the $13,000 financing and the $1,500 paid in earnest money. Faced with such a situation we do not believe it can be successfully argued the contract compelled appellees to go elsewhere than to the sale property itself for the $13,000 financing contemplated by its terms. That conclusion, in our opinion, becomes inescapable when it is kept in mind that under the undisputed evidence the contract was prepared by Griffith, as the appellants' agent, and falls squarely within the universal rule (See 12 Am. Jur., Contracts, 795 § 252; 17 C. J. S., Contracts, 751 § 324; Hatcher's Kansas Digest [Rev. Ed.], Contracts § 44; West's Kansas Digest, Contracts, § 155) that doubtful language in a contract is to be construed most strongly against the party preparing it or employing the words concerning which doubt arises.

Appellants' next contention is that the judgment is contrary to the evidence. In view of what has been heretofore stated and held the very most that can be said for appellants' position on this point is that the evidence with respect to whether financing of the particular property involved in the sum of $13,000 could be obtained was conflicting. No rule is better established in this jurisdiction than the one that when supported by any substantial competent evidence a trial court's findings and decision on a factual issue will not be disturbed on appellate review even though the record discloses some evidence which might have warranted a contrary decision. For some of our latest decisions announcing this rule see *Freeman v. Keltner*, 175 Kan. 37, 259 P. 2d 228; *Spencer v. Supernois*, 176 Kan. 135, 268 P. 2d 946; *Condon National Bank of Coffeyville v. Krigel*, 176 Kan. 279, 287, 270 P. 2d 232; *In re Estate of Whitmore*, 178 Kan. 491, 290 P. 2d 105. For numerous others see West's Kansas Digest, Appeal and Error, § 1010[1]; Hatcher's Kansas Digest [Rev. Ed.], Appeal and Error, §§ 507, 508.

Since the finding appellees were unable to obtain financing in the amount of $13,000 inheres in the trial court's decision requiring the return of the down payment of earnest money the rule of the foregoing decisions compels a conclusion its finding to that effect cannot be disturbed.

In conclusion it should be stated we have not overlooked appellants' motion to strike appellees' counter abstract from the files on the ground it is not certified in the manner prescribed by our rules.

Appellants' position with respect to this violation of rules is warranted and we do not condone appellees' failure to comply therewith. Even so this conclusion does not warrant the sustaining of this motion under the existing facts and circumstances. Appellants' own abstract discloses sufficient evidence to sustain the conclusions heretofore reached and announced. The result is that appellees' noncompliance with the particular rule requirement involved resulted in no prejudice to appellants' substantial rights.

We find nothing in the record to warrant appellants' contentions that the trial court erred in overruling their demurrer to the evidence; in overruling their motion for a new trial; or in the rendition of its judgment. Therefore such judgment must be and it is hereby affirmed.